JUSTIN D. WHATCOTT, IDAHO STATE BAR NO. 6444
ACTING UNITED STATES ATTORNEY
**MICHAEL W. MITCHELL, TEXAS STATE BAR NO. 24037126**
**ASSISTANT UNITED STATES ATTORNEY**
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-9375
EMAIL: Mike.Mitchell@usdoj.gov

Attorneys for the United States of America on behalf of the Department of Education

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>Patrick Norman Stromer,<br><br>        Debtor. | Case No. 25-00193-BPH |
| Patrick Norman Stromer,<br><br>        Plaintiff,<br><br>    vs.<br><br>United States Department of Education,<br><br>        Defendant. | Adversary No. 25-06014-BPH |

## JOINT MOTION TO STAY ADVERSARY PROCEEDING

Defendant the United States Department of Education (Education), through the

undersigned Acting United States Attorney and Assistant U.S. Attorney, and the Debtor/Plaintiff,

Patrick Norman Stromer, hereby move for a stay of the above-captioned adversary proceeding

for a period of 60 days.  In support thereof, Defendant states as follows:

JOINT MOTION TO STAY ADVERSARY PROCEEDING – 1

1.      On March 25, 2025, Plaintiff filed a Complaint to Determine Dischargeability of Student Loans, citing 11 U.S.C. 523(a)(8).  (Dkt. 1)

2.      After being served, Education, through the undersigned Assistant United States Attorney, corresponded with the Plaintiff through email.  We advised Plaintiff that Education wants to stay this action for a period of 60 days, to accomplish the following:  (1) Education needs to determine if it holds the loans at issue and will obtain and turn over records related to the Plaintiff's student loans; and (2) Education has offered to aid the fact gathering process, and the Plaintiff's effort to have his student loans evaluated for discharge, by having the Plaintiff work with Education on an "Attestation" process.  This process will evaluate the Plaintiff's circumstances to determine whether any student loans held by Education should be forgiven, administratively, for undue hardship.  This is consistent with Department of Justice guidance that mandates an evaluation for "undue hardship."

3.      This Court has ample inherent authority to enter a stay of proceedings.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see also* 11 U.S.C. § 105(a).  Courts also may exercise their discretion to enter a stay of discovery and pre-trial deadlines.  *See Lawrence v. Governor of Ga.*, 721 F. App'x 862, 864 (11th Cir. 2018) ("Matters pertaining to discovery are committed to the sound discretion of the district court[.]").  The decision whether to grant a stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Landis*, 299 U.S. at 254-55; *see also Lawrence*, *supra*.

4.      Education and Plaintiff believe a stay is appropriate in this case to permit them adequate time to pursue the attestation process and settlement discussions.  The stay promotes

JOINT MOTION TO STAY ADVERSARY PROCEEDING – 2

judicial economy and resources as the parties work to see if there is an agreement in this case. This stay is not sought for any improper purpose and the parties do not believe it will be detrimental or prejudicial to either party.

5.      On April 24, 2025, the Plaintiff told the undersigned Assistant United States Attorney that Plaintiff supports the stay of this case for the reasons provided.

6.      For the reasons expressed above, the parties believe there is good reason to stay this adversary proceeding.  This is the first motion for such a stay.

WHEREFORE, Education joins with the Debtor/Plaintiff and respectfully requests that the Court enter an Order granting this motion and staying this adversary proceeding through and including **July 1, 2025**, extending the Answer Deadline for a period of time concurrent with the stay, and entering any additional relief the Court deems appropriate.

Respectfully submitted this 2nd day of May, 2025.

JUSTIN D. WHATCOTT
ACTING UNITED STATES ATTORNEY
By

*/s/ Michael W. Mitchell*
MICHAEL W. MITCHELL
Assistant United States Attorney


Respectfully submitted this 2nd day of May, 2025.

ROARK LAW OFFICES
By

*/s/ Holly Roark*
HOLLY ROARK
*Attorney for Debtor/Plaintiff*

JOINT MOTION TO STAY ADVERSARY PROCEEDING – 3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 2, 2025, the foregoing **JOINT MOTION TO STAY ADVERSARY PROCEEDING** was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

>Holly Roark
>Roark Law Offices
>holly@roarklawboise.com
>*Attorney for Debtor/Plaintiff*

And, I hereby certify that the following listed non-registered CM/ECF participants were served by United States Mail, postage prepaid:

>N/A

>*/s/ Chelsie Black*
>Chelsie Black
>Paralegal Specialist

JOINT MOTION TO STAY ADVERSARY PROCEEDING – 4